UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GREGORIO AGUILAR, II,                           CIVIL NO. 15-487 (SRN/JSM)

      Petitioner,

v.                                              REPORT AND RECOMMENDATION

UNITED STATES OF AMERICA,

      Respondent.


JANIE S. MAYERON, United States Magistrate Judge

      This matter is before the undersigned Magistrate Judge of the District Court on Petitioner Gregorio Aguilar, II's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1].  Petitioner claims the Federal Bureau of Prisons ("BOP") failed to give him credit for 380 days spent in federal custody prior to the imposition of the sentence for his current federal conviction.  Respondent opposes the Petition claiming that Petitioner has failed to exhaust his administrative remedies and in any event, he is not entitled to credit for time spent in federal custody before sentencing as it was already applied to the service of his state sentence.

      The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).  For the reasons discussed below, the Court recommends that Petitioner's habeas corpus petition should be **DENIED**.

## I.    BACKGROUND

      Petitioner is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone").  See Declaration of Robert Jennings ("Jennings Decl."), ¶ 3, Att. A (Public Information Inmate Data) [Docket No. 7].  He is currently serving a 120-month sentence, followed by eight years of supervised release,

imposed by the United States District Court for the Southern District of Iowa for Conspiracy to Distribute at least 500 Grams of Cocaine, in violation of 18 U.S.C. §§ 846, 841(b)(1)(B), and 851.  Id., ¶ 4, Att. A.  Petitioner has a projected release date of January 16, 2018, via good conduct time release.  Id.

On November 15, 2007, Petitioner was sentenced to 15 years imprisonment in the Iowa Department of Corrections ("IDOC") to run concurrent with another state sentence.  Id., ¶ 8, Att. B (State of Iowa Sentencing Information).

On May 15, 2008, and while serving his Iowa state sentences, Petitioner was temporarily transferred to the custody of the United States Marshals Service ("USMS") pursuant to a federal writ of habeas corpus ad prosequendum to appear on federal charges.  Id., ¶ 9, Att. C, p. 2 (USMA Prisoner Tracking System).  On April 9, 2009, Petitioner was sentenced in the United States District Court, Southern District of Iowa, to a 120-month term of imprisonment.  Id., ¶ 10, Att. D, p. 2 (Judgment in a Criminal Case).  The court ordered the federal sentence to run concurrently with the remainder of Petitioner's undischarged term of imprisonment for the Iowa state sentences.  Id.  The State of Iowa never relinquished custody of Petitioner via bond or dismissal of their charges while Petitioner was in the temporary custody of the federal government.  Id., ¶ 13.  On June 5, 2009, Petitioner was returned to IDOC custody.  Id., ¶ 10, Att. C.

On January 27, 2010, Petitioner was paroled from the IDOC to the primary custody of the USMS for continued service of his federal sentence.  Id., ¶ 12, Att. C, p. 2.

The BOP prepared a sentence computation for Petitioner based on a 120-month term of imprisonment commencing on April 9, 2009, the date the sentence was imposed, in order to effectuate a concurrent sentence.  Id. ¶ 11, Atts. A, E.   No

presentence credit was awarded for the time period of May 23, 2008 to April 9, 2009, because Petitioner was in secondary federal custody as a result of a federal writ, his state sentence continued to run, and the state never relinquished custody via bond or dismissal of their charges while Petitioner was in temporary custody.  Id., ¶ 13 (citing Att. F (BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)).  Petitioner's state sentence continued to run while he was in federal custody pursuant to the writ.  Id., ¶ 13.

The BOP has a three-part administrative remedy program to address federal inmate concerns about any aspect of confinement.  Government Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Gov't Resp."), p. 5 (citing 28 C.F.R. §§ 542.13 to 542.15) [Docket No. 5].  The BOP's remedy program requires an inmate to: (1) attempt informal resolution of the grievance with unit staff and, if unsuccessful, file a formal grievance with the Warden; (2) appeal to the appropriate Regional Office if dissatisfied with the Warden's response, and (3) appeal to the Central Office if dissatisfied with the Regional Office response.  Id.

Petitioner commenced this action on February 11, 2015.  Petitioner did not file any administrative remedies concerning his claim.  Declaration Julie Groteboer ("Groteboer Decl.") ¶ 3, Att. A (Administrative Remedy Generalize Retrieval Data) [Docket No. 7].

## II.   DISCUSSION

### A.   Failure to Exhaust Administrative Remedies

Initially, Respondent argued that the Petition should be dismissed on the grounds that Petitioner did not exhaust his administrative remedies.  See Govt. Resp., pp. 5-6 (citations omitted).  Respondent is correct.  Generally, federal prisoners must exhaust

all available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241.  See, e.g., United States v. Wilson, 503 U.S. 329, 335 (1992); Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006); United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989).  However, where the concept of exhaustion is judicially created and not mandated by statute, "sound judicial discretion governs."  McCarthy v. Madigan, 503 U.S. 140, 144 (1992); see also Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (finding failure to exhaust does not affect court's ability to decide case where "the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

In determining whether Petitioner should be required to exhaust his administrative remedies, courts exercise their discretion by "balanc[ing] the interests of the individual in retaining prompt access to a federal forum against countervailing institutional interests favoring exhaustion."  McCarthy, 503 U.S. at 146.  Exhaustion is required because it both protects administrative agency authority and promotes judicial economy.  Id. at 144-45.  In McCarthy, however, the Supreme Court identified several possible exceptions to the general rule that exhaustion is required, one of which was "where the administrative body is shown to be biased or has otherwise predetermined the issue before it."  Id. at 148.  For instance, habeas petitioners can be excused from the exhaustion requirement if proceeding through the administrative remedy process would undoubtedly be an exercise in futility that could serve no useful purpose.  See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004) (exhaustion requirement waived

4

based on government's concession that "continued use of the [administrative] grievance procedure to contest the validity of the BOP's new policy would be futile.").

In short, while in some situations the rule of exhaustion promotes judicial economy by allowing the agency to fully develop a factual record for judicial review, as well as to aid the court in understanding technical matters, (see United States v. Dico, Inc., 136 F.3d 572, 576 (8th Cir. 1998) (citations omitted)), in other cases these rationales have no application. Such is the case here. The facts of this case are undisputed, and the issue is one of statutory interpretation, which is unaffected by any technical matters uniquely within the BOP's area of expertise or by the facts of the case. The institutional interests protected by the exhaustion requirement carry little to no weight in this case.

Therefore, although Petitioner made no effort to pursue his administrative remedies, and the Court could recommend that the Petition be denied on that ground alone, the balancing of interests favors having the issue raised by Petitioner promptly decided over the institutional interests protected by the exhaustion requirement. Accordingly, the Court waives the exhaustion requirement and reaches the merits of Petitioner's claim.

### B.     Credit for Time Served Between May 15, 2008 through April 9, 2009

Petitioner contends that the BOP has improperly refused to give him an additional 380 days of credit to his sentence for the time he spent on the federal writ –

i.e. from May 23, 2009, the date the writ issued, to April 9, 2009, the date of sentencing.[1] See Petition, p. 3.

In opposition, Respondent submits that Petitioner's sentence was accurately calculated for two reasons: First, based on 18 U.S.C. § 3585(a), his sentence could not begin prior to the date of imposition on April 9, 2009; and second, credit for the time period in question would amount to dual credit, a violation of 18 U.S.C. § 3585(b). See Gov't Resp., pp. 6-11.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit. Tindall, 455 F.3d at 888; see also Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.") (citation omitted).

This Court concludes that the BOP properly calculated Petitioner's credit against his sentence.

Section 3585 of Title 18 to the United States Code, provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

---

[1] According to Respondent, Petitioner was taken into custody on May 15, 2008, and not May 23, 2008.  Gov't Resp., p. 1 n.1.  Thus, the period of time in question – May 15, 2008 to April 9, 2009 – is approximately 330 days.  Id.

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

As a general rule, a federal sentence begins when the defendant is "received for transportation to or arrives at 'the official detention facility at which the sentence is to be served.'" Reno v. Koray, 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3585(a)). Here, because the sentencing judge ordered Petitioner's federal sentence to run concurrent with his state sentence, the BOP effectuated a nunc pro tunc designation and designated the IDOC so that Petitioner could begin to serve his federal sentence while he was still serving his state sentence. Jennings Decl., ¶ 11, Att. E (Nunc Pro Tunc Designation). However, pursuant § 3585(a), the earliest Petitioner's sentence could be deemed to begin was April 9, 2009, when he was sentenced to serve his time on the federal conviction. Stated otherwise, the federal sentence can only be deemed to be served concurrently with the unserved portion of the state sentences – it cannot have a retroactive commencement date. See Mathison v. Morrison, Civ. No. 06-3496 (JMR/AJB), 2007 WL 3224671, at *4-5 (D. Minn. Nov. 01, 2007) (discussing federal circuit and district cases that have found that a federal sentence cannot commence prior to date it was pronounced, and accordingly, when it is ordered that a federal sentence run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence yet to be served); see also Sisemore v. Outlaw, 363 Fed. Appx. 424, 424 (8th Cir. 2010) (per curiam) (stating the "district court's order that prison term

should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served") (citing Coloma v. Holder, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam)); Stevenson v. Terrell, Civ. No. 08-6058 (JRT/JJK), 2009 WL 1035161, at *3 (D. Minn. April 16, 2009) ("A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served.") (quoting United States v. McLean, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (emphasis added in Stevenson) (other citation omitted)).

The next question for this Court to address is whether Petitioner is entitled to credit for the days he spent in jail on the federal writ until his date of sentencing on the federal case.  Section 3585(b) allows a defendant to receive credit for time he has served in custody prior to the commencement of a sentence, arising out of the offense for the sentence imposed, so long as that time "has not been credited against another sentence."  18 U.S.C. 3585(b).  Based on the plain language of the statute, "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also United States v. Kiefer, 20 F.3d 874, 875 n.1 (8th Cir. 1994) ("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit for time 'that has not been credited against another sentence'") (quoting United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991)); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994) (citation omitted); McIntyre v. United States, 508 F.2d

403, 404 (8th Cir. 1975), cert. denied, 422 U.S. 1010 (1975) (concluding that a federal prisoner not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period).

Pursuant to § 3585(b), Petitioner's federal sentence cannot be credited for his time in custody before his federal sentencing on the federal writ if that time has already been credited towards his state sentence. See, e.g., Noble v. Fondren, Civ. No. 08-6259 (JRT/RLE), 2009 WL 4723357, at *6 (D. Minn. Dec. 2, 2009) ("Given that language, it is manifest that a petitioner cannot be credited for time in custody, when that time has already been credited towards another sentence."); Stevenson, 2009 WL 1035161 at *3 ("Given this language, it is manifest that a petitioner cannot be credited for time in custody before his federal sentencing if time has been credited towards another sentence.").

On May 15, 2008, when the USMS took custody of Petitioner on a federal writ of habeas corpus ad prosequendum for his appearance in federal court on the federal charges, he was serving his Iowa state sentences. "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) (citations omitted).[2]  There is no dispute that Iowa first obtained custody of Petitioner and therefore, had primary jurisdiction over him for the relevant period of

---

[2]   The doctrine of priority of custody was first recognized by the United States Supreme Court in Ponzi v. Fessenden, 258 U.S. 254 (1922).  The purpose of the doctrine was to promote comity, mutual assistance and orderly procedure between sovereigns.  Id. at 259.  The Court stated, "[t]he chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."  Id. at 260.

time.  Further, the fact that Petitioner spent time in federal custody before he was sentenced on the federal charges, based on a federal writ, did not serve to change primary jurisdiction from Iowa to the federal government.  Id. at 896-97 ("while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.") (citation omitted); see also Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994) (quoting Sinito v. Kindt, 954 F.2d 467, 469 (7th Cir. 1992), cert. denied, 504 U.S. 961 (1992)) ("'[I]ssuance of [a] writ of habeas corpus ad prosequendum d[oes] not alter [the defendant's] custody status. It merely change[s] the location of his custody for the sentence he was already serving.'") (citation omitted).

Thus, given that Petitioner was in the primary custody of Iowa while on "loan" to the federal government on the writ of habeas corpus ad prosequendum, he got credit towards his Iowa sentence for those days he was temporarily in federal custody. Stevenson, 2009 WL 1035161, at *4 ("What is most important here is that Petitioner was getting credit towards his Michigan sentence throughout this whole 345-day period, including those days when he was temporarily in federal custody pursuant to a writ."). Under these circumstances and in accordance with § 3585(b), Petitioner may not receive credit on his federal sentence for time already applied toward his Iowa state sentence.  See Kramer, 12 F.3d at 132 (affirming the BOP's refusal to grant double credit for time credited on a state sentence, and citing McIntyre, supra, for the proposition that a "federal prisoner [is] not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period.").

For all of these reasons, Petitioner's claims that he should receive credit towards his federal sentence for the time he spent in custody on the federal writ are rejected and his Petition should be denied.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Petitioner Gregorio Aguilar II's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] be **DENIED**.

Dated:  September 14, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing **(September 28, 2015)**.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.